ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 Urging his right to an affirmative presentation of his theory of the ease, appellant insists that such character of charge was not given, and that the converse of the law of provoking the difficulty was not presented. He contends that the State relied on the fact that its witnesses claimed that he flipped his ear at the deceased and said, “You don’t look like a bad man to me”, as the only facts and circumstances supporting the theory of provoking the difficulty. We cannot assent to this. In the original opinion we discussed the principles of law, and will now advert more fully to the facts.
 

 Deceased was floor manager at a dance, and it is claimed that appellant was standing in the room where the dancing was in progress, and that deceased said, “Please move back and give the dancers room; I hate to be cranky about it.” Witness Gunn said appellant replied, “How far do you want me to move, an.inch?” to which deceased said, “Yes, two inches”, and that appellant made another remark which witness could not get, and deceased then said, “When I say move, I mean move”, and that there then followed the episode of the ear flipping by appellant and remarks by him substantially as above referred to. This witness further said that deceased replied to appellant’s remark that he did not look like a bad man, by saying that he was not a bad man and that he did not want any trouble and that he started away, whereupon appellant said something else to deceased to which he replied, “If it is a row you want, a row goes”, and that they went together, appellant catching deceased around the neck and firing the shot that killed him. Brummett, a witness for the defense, swore that deceased asked “us boys” several times in a kindly manner to stand back and give the dancers room, and when he did this just before the trouble appellant asked him if he wanted him to move two or three inches further, and then he said,“Is this far enough?” and that deceased said, “Yes, sir”; that deceased also said, “I am not trying to raise any rough house, but when I say stand back I mean stand back”, and that appellant then said to deceased, “You don’t look like a bad man to me” and they clinched and the gun fired. Clark, also a witness for appellant, swore that he
 
 *656
 
 heard appellant say to deceased, “You are not a bad man, are you?” to which deceased replied, “If its trouble you are looking for you can get it”, and they clinched and the gun fired in about two seconds. Appellant himself on the witness stand admitted that just before he and deceased came together he said to the latter, “You are not a bad man, are you?” and also declined to say whether or not he flipped his ear at deceased just before he made this remark.
 

 These statements serve to illustrate the correctness of the refusal of the trial court to single out or make any particular act or words the sole basis of the jury’s consideration of the theory of provoking the difficulty, — and further demonstrate the wisdom of leaving to them all the acts and words of appellant at the time in order to determine what his purpose was in what he did and said.
 

 Did the court properly submit the converse of the law of provoking a difficulty? The charge this point is set out at length in our former opinion. After stating in term that if the jury found from the evidence beyond a reasonable doubt that appellant did some act or used some language, or both, as the case might be, with the intent to produce the occasion and bring on a difficulty, etc. etc., the charge then proceeds to say:
 

 “But, on the other hand, if you should find that the act done, or language used by defendant if any, was not calculated or intended to provoke a difficulty, or an attack by the deceased upon the defendant, then and in such event the defendant’s right of self defense would not in anywise be abridged or lessened” etc.
 

 We
 
 do not see just how the court could have more pertinently submitted this converse. He could not tell the jury that if appellant did not flip his ear or did not say what Gunn said he did, or if he did not say what Brummett said he did, or if he did not say what Clark said he did, etc., that they should find that he did not provoke the difficulty. Such statements would be on the weight of the evidence and would be selecting in an unwarranted manner a particular act or group of words when in fact there' might be other acts, words and conduct which might have been considered by the jury in this connection. Stacy v. State, 48 Texas Crim. Rep. 98, and Shoemaker v. State, 160 S.
 
 W.
 
 Rep. 356, are cited as holding with appellant’s view. In each of those eases the accused denied doing or saying anything of the character relied on as provoking the difficulty and no charge on the converse of this proposition was given. In Stacy’s case the charge seems to assume that the language was used. In the instant case there was apparently no denial of the use of language to deceased by appellant, and this fact was for the consideration of the jury under the circumstances in determining the issue under discussion. There was no dispute of the fact that deceased in the discharge of his duties was urging certain things upon appellant,
 
 *657
 
 and that appellant replied in several ways to such insistence of deceased. We take it, the only question was whether or not such acts, words and conduct on the part of appellant were used with the intent to, and were calculated to, and did provide the difficulty. We think the converse as given in the charge is satisfactory. We find no special charge in the record which more pertinently submitted said converse. Appellant asked that the jury be told that unless they believed beyond a reasonable doubt that he flipped his ear and stated, “You don’t look like a bad man to me”, was such conduct and language as was reasonably calculated to provoke the difficulty, that appellant’s right of self-defense was perfect. If there was an ag’reement that this was the conduct and language and all of it that was relied upon, or usable by the jury in determining the question of provoking the difficulty, the charge might have been pertinent, but the jury had the right to take into consideration all of the acts, language and conduct of the accused and could not be held to the two matters stated in said special charge. As we understand this record, the jury might easily have concluded that appellant with a pistol repeated^ placed himself where the duties of deceased would cause him to seek to remove appellant, and that when he was asked to move appellant’s words and the slight movements of his body would appear not intended as a compliance with the request but as such treatment of said request as to amount to a refusal and an effort to bring on a further controversy and difficulty with the deceased which, when it did arise, was followed by appellant shooting deceased, in the language of his witness Clark “in about two -seconds”.
 

 Complaint appears in this motion of the charge for stating to the jury that if they “find” that the act done or language used, etc., was not intended or calculated to provoke the difficulty. Page 5, Branch’s Annotated P. C., is referred to as citing authorities holding that such a charge is erroneous. The authorities there cited are wholly in regard to how and when the doctrine of reasonable doubt should be given in the charge. Our statute requires that exceptions to the charge of the. court be distinct and specific. (Art. 735, C. C. P.) This record does not show any exception measuring up to this requirement, taken to that part of the charge now complained of. There is an exception to the whole of paragraph eight of the charge for not requiring the jury to find that the facts relied on by the State as evidencing a provoking of the difficulty, be proven beyond a reasonable doubt, but an examination of said paragraph manifests that this exception is without support. There is also an excéption as follows: ‘
 
 ‘
 
 The latter part of said paragraph is erroneous in that the burden of proof is not placed on the State. This is not specific from any angle and finds no support in the authorities collated and referred to above.
 

 
 *658
 
 Nor are we able to agree that the court’s use of the words "wrongful act” were liable to be misappropriated by the jury, or that this left them no grope in darkness trying to find out what the court meant. Taken in connection with the other portions of the charge, it was not erroneous. Nor can we agree that the fact that appellant had on his person a pistol on the night of the difficulty, could be interpreted by the jury as the "wrongful act” referred to by the court in giving to the jury the law of provoking the difficulty.
 

 On appellant’s right to defend himself the following charge was given:
 

 "Now, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Tom Gamer, killed the deceased, George Tibbetts, but you further believe from the evidence that at the time of doing so, if he did, the deceased was making or was about to make an attack upon the defendant, or that it then and there reasonably appeared to the defendant that the deceased was about to make an attack upon him, and that from the manner and character of such real, apparent or threatening attack, and from the defendant’s knowledge of the physical strength and boxing skill of the deceased, and taking into consideration the relative strength and size of the parties, viewed alone from the defendant’s standpoint at the time, the defendant thereby was caused to have a reasonable expectation, or fear of death, or serious bodily injury at the hands of the deceased, even though you may further believe that no danger, in fact, existed, and that acting upon such expectation or fear, the defendant shot and killed the deceased, or if you have a reasonable doubt thereof, you will acquit the defendant, and say by your verdict ‘not guilty’.”
 

 This obviated the necessity for giving any of the special charges on the subject of self-defense. Nor do we think the rights of appellant or the facts of the' case called for any charge more specifically referring to the means or instrument used by the deceased. The only means or instrument used or attempted to be used by him, if any, was his hands,- — -and if appellant knew of the strength and skill of deceased in making an attack with his hands and same caused him to have a reasonable expectation or fear of death or serious bodily injury at the hancls of deceased, he was fully accorded the right to defend himself by the charge above quoted, and, if the jury did not believe beyond a reasonable doubt that he provoked the difficulty, they were there told that his right to kill deceased in his own self-defense, was perfect.
 

 Believing the case rightly decided, and being unable to agree with any of the contentions made in this motion, same will be overruled.
 

 Overruled.